# IN THE UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA
# JACKSONVILLE DIVISION

NANCY SIMMERSON, as
Personal Representative of the Estate
of Esther Truax, on behalf of the
Estate, and on behalf of Gavin Andrew
Daniels, Connor Riley Daniels, Alyssa
Louise Daniels, Alexa Aubrey Mayle, and
Dillon Kelso Mayle,

    Plaintiff,

vs.                                        Case No.:

THOMAS K. WATERS, in his
official capacity as Sheriff of the
City of Jacksonville, Florida, and
ALANNA WOODARD, individually.

    Defendants.

---

## COMPLAINT AND DEMAND FOR JURY TRIAL

Plaintiff, Nancy Simmerson, as Personal Representative of the Estate of Esther Truax, on behalf of the Estate of Esther Truax, and on behalf of her survivors, Gavin Andrew Daniels, Connor Riley Daniels, Alyssa Louise Daniels, Alexa Aubrey Mayle, and Dillon Kelso Mayle, brings this action seeking monetary damages, attorney's fees, and costs against Defendants and alleges the following:

1. This is an action for damages, attorney's fees, and costs for the deprivation of Plaintiff's rights secured by the Fourteenth Amendment to the Constitution of the United States, as well as claims under Florida law.

## JURISDICTION AND VENUE

2. Plaintiff invokes the jurisdiction of this Court pursuant to 42 U.S.C. §§1983 and 1988 and 28 U.S.C. §§1331 and 1343 as to the federal claims herein. The Court has supplemental jurisdiction as to the State law claims pursuant to 28 U.S.C. §1367.

3. Venue in this district is proper pursuant to 28 U.S.C. §1391 in that the cause of action arose in this district.

4. Plaintiff has complied with all applicable pre-suit notice provisions of §768.28, Fla. Stat. (2023).

## PARTIES

5. Plaintiff, Nancy Simmerson, is a citizen of the United States, the mother of Esther Truax, and the duly appointed Personal Representative of the Estate of Esther Truax, deceased. This action is brought by Nancy Simmerson, in her capacity as the Personal Representative of the Estate of Esther Truax, and on behalf of Ms. Truax's survivors, Gavin Andrew Daniels, Connor Riley Daniels, Alyssa Louise Daniels, Alexa Aubrey Mayle, and Dillon Kelso Mayle.

6. At all times material to this action, Esther Truax ("Truax") was a pretrial detainee confined in the Duval County Pretrial Detention Facility, Jacksonville, Florida, a county jail/correctional facility operated by the Jacksonville Sheriff's Office, and a resident of Duval County, Florida.

7. Defendant, Thomas K. Waters, in his official capacity as Sheriff of the City of Jacksonville, Florida, was, at all relevant times, responsible for the supervision, training, instruction, discipline, control, and conduct of medical staff and correctional officers in the Duval County Pretrial Detention Facility. At all times relevant, Defendant Sheriff Waters had the power, right, and duty to train and control his officers, agents, and employees to conform to the United States Constitution and to ensure that all orders, rules, instructions, and regulations promulgated for the Jacksonville Sheriff's Office were consistent with the United States Constitution. At all times relevant to this Complaint, Sheriff Waters, his agents and employees, acted under color of law. Further, Defendant Sheriff Waters, was, at all times relevant, responsible for the unconstitutional conditions under which Ms. Truax was confined in the Duval County Pretrial Detention Facility.

8. Defendant, Alanna Woodard, was at all times material hereto, a sworn member of the Jacksonville Sheriff's Office and a correctional officer at the Duval County Pretrial Detention Facility. At all times relevant to this case, Defendant Woodard acted in conformance with the customs, practices, and/or policies of the Jacksonville Sheriff's Office and acted under color of state law.

## FACTUAL ALLEGATIONS

9. On December 1, 2021, Ms. Truax was arrested by the Jacksonville Sheriff's Office and booked into the Duval County Pretrial Detention Facility ("jail").

10. Upon Truax's admission into the jail, she was given a mental health self-harm assessment by Courtney Gerald, a nurse at the jail.

11. On at least four prior admissions to the Duval County Jail, Truax reported that she had previously attempted suicide four times, with her last attempt being in 2019, that she had past psychological problems for which she had sought mental health treatment, and that she was not currently taking medication for her psychiatric diagnosis.

12. As a result, the Duval County Jail was well aware of her psychiatric issues and previous suicide attempts, noting she was bi-polar and not on medication.

13. This report to the nurse was logged in as part of the electronic medical records of Truax at the jail. Indeed, all visits with Truax by any jail medical staff mentioned below were logged into her electronic medical records at the jail, which could be accessed any time thereafter by other members of the jail medical staff.

14. Ms. Truax was nevertheless admitted to general population.

15. Unsurprisingly, and in accordance with her documented history, on December 4, 2021, Truax hung herself using a bedsheet tied around her neck from

the second story balcony railing in general population. Her attempt was stopped by several other inmates who were able to pull Ms. Truax back over the rail.

16. Only after the suicide attempt was Truax placed in close supervision/self-harm, which is located on the third floor of the jail.

17. At the time of the suicide attempt, Nurse Waldron indicated Truax was faking the suicide attempt to receive withdrawal medication and deemed Truax did not need to be seen at the mental health clinic. Truax was transported by jail staff to self-harm confinement. Medical records show she did not receive all the detox medication ordered during this timeframe.

18. Later that same evening, while in self-harm confinement, Truax attempted to choke herself, but this second suicide attempt was unsuccessful. As a result of this suicide attempt, Ms. Truax was placed in four-point restraints alone in the self-harm confinement cell.

19. Defendant Woodard, a guard at the jail, was then assigned the suicide watch of Ms. Truax. At the time of the incident, the Jacksonville Sheriff's Office's standard protocol for self-harm was to check inmates every 15 minutes.

20. While on suicide watch, Ms. Truax used the four-point restraints to strangle herself. Ms. Truax was found by Defendant Woodard "hanging in cell by restraints."

21. As a result of her injuries, Ms. Truax died on December 10, 2021. Her cause of death was ruled a suicide.

22. Defendant Woodard was not disciplined by Sheriff Waters for her actions and inactions alleged herein.

## COUNT I
## 42 U.S.C. §1983; DELIBERATE INDIFFERENCE
**(Defendant Woodard)**

23. Paragraphs 1-22 above, are adopted and incorporated by reference herein.

24. Defendant Woodard, acting under color of state law, deliberately disregarded the strong likelihood that Truax would commit suicide and/or self-infliction of harm despite Defendant Woodard's actual knowledge of Truax's intention to do the same.

25. Defendant Woodard's deliberate indifference to Truax's taking of her own life and serious medical needs violated Truax's due process rights under the Fourteenth Amendment to the United States Constitution.

26. Defendant Woodard's actions and/or omissions were done with malice and/or reckless indifference to Truax's federally protected rights.

27. As a direct and approximate result of Defendant Woodard's deliberate indifference to Truax's taking of her own life and serious medical needs, Truax

suffered damages, including, but not limited to, loss of life, loss of enjoyment of life, pain and suffering, and loss of prospective net accumulations to Truax's estate.

WHEREFORE, Plaintiff demands judgment against Defendant Woodard, individually, for:

    (a)    actual and compensatory damages;

    (b)    punitive damages;

    (c)    an award of attorney's fees and costs; and

    (d)    any other relief this Court deems just and proper.

## COUNT II
## 42 U.S.C. §1983; MUNICIPAL LIABILITY
**(Defendant Waters)**

28. Paragraphs 1-22, above, are adopted and incorporated by reference herein.

29. Defendant Sheriff Waters, his agents and employees, acting within their authority and under color of state law, instituted and followed practices, customs, and policies, including, but not limited to, inadequate medical treatment and supervision of suicidal inmates and/or inmates indicating an intent to engage in self-harm, which directly resulted in deliberate indifference to Truax's taking of her own life and serious medical needs. Sheriff Waters has knowledge of a systematic and widespread practice where inmates of the Duval County Pretrial Detention Facility suffering from suicidal thoughts and/or thoughts of self-harm receive inadequate

medical care and supervision despite an obvious and apparent need for the same, but Sheriff Waters has failed to provide adequate medical care and supervision of such inmates. Additionally, by failing to discipline his agents and employees for their actions and/or omissions, Sheriff Waters has ratified such decisions and the reasons for those decisions, thus constituting a practice, custom, or policy. Alternatively, the corrections officers and medical personnel of the Duval County Pretrial Detention Facility acted as final policymakers for Sheriff Waters as their decisions were not immediately or effectively reviewable. Further, Sheriff Waters failed to adequately train his agents and/or employees despite a clearly obvious and apparent need for such training. Sheriff Waters' actions and omissions resulted in violations to Truax's rights secured under the Fourteenth Amendment to the United States Constitution, which is actionable under 42 U.S.C. §1983.

30. Defendant Waters's deliberate indifference to Truax's serious medical needs and to the taking of her life violated Truax's due process rights under the Fourteenth Amendment to the United States Constitution.

31. As a direct and approximate result of Defendant Waters' actions and/or omissions, Truax suffered damages including, but not limited to, loss of life, loss of enjoyment of life, pain and suffering, and loss of prospective net accumulations to Truax's estate.

WHEREFORE, Plaintiff demands judgment against Defendant Waters, in his official capacity, for:

(a) actual and compensatory damages;

(b) an award of attorney's fees and costs; and

(c) any other relief this Court deems just and proper.

## COUNT III
## NEGLIGENCE (WRONGFUL DEATH)
**(Defendant Waters)**

32. Paragraphs 1-22, above, are adopted and incorporated herein by reference.

33. Plaintiff has satisfied all conditions precedent to bringing this action as required pursuant to §768.28, Fla. Stat. (2023).

34. Sheriff Waters and his agents and/or employees owed Truax a duty to use reasonable care to ensure Truax's safety, including the duty to prevent Truax from harming herself.

35. Agents or employees of Sheriff Waters breached his duty by negligently allowing and permitting Truax to take her own life.

36. As a direct result and proximate result thereof, Truax suffered bodily injury resulting in pain and suffering that caused her death.

37. Truax's survivors lost the future support and services of the decedent, the amount of decedent's probable net income and the replacement value of

decedent's services, loss of the decedent's companionship, mental pain and suffering, and medical expenses due to the decedent's injury and death paid by them or some of them.

38. Truax's Estate lost earnings from decedent's death, loss of prospective net accumulations of the decedent's estate, and medical and funeral expenses due to the decedent's injuries and death.

WHEREFORE, Plaintiff demands judgment against Defendant Sheriff Waters for:

(a) actual and compensatory damages;

(b) costs; and

(c) any other relief this Court deems just and proper.

## **DEMAND FOR JURY TRIAL**

Plaintiff hereby demands trial by jury on all issues so triable.

Respectfully submitted,

/s/ Camille Sheppard
Camille Sheppard, Esquire
Florida Bar No.: 124518
Elizabeth L. White, Esquire
Florida Bar No.: 314560
Matthew R. Kachergus, Esquire
Florida Bar No.: 503282
Bryan E. DeMaggio, Esquire
Florida Bar No.: 055712
Sheppard, White, Kachergus, & DeMaggio, P.A.
215 Washington Street
Jacksonville, Florida 32202
Telephone: (904) 356-9661
Facsimile: (904) 356-9667
Email: sheplaw@sheppardwhite.com
COUNSEL FOR PLAINTIFF